**MAGNESIUM CASTING CO., Plaintiff,**

v.

**Albert J. HOBAN, Regional Director of the First Region of the National Labor Relations Board, et al., Defendants.**

Civ. A. No. 68–625–C.

United States District Court
D. Massachusetts.

July 16, 1968.

Jerome H. Somers, Stoneman & Chandler, Boston, Mass., for plaintiff.

Henry M. Kelleher, Robert S. Fuchs, Boston, Mass., for defendants.

OPINION

CAFFREY, District Judge.

This matter came before the Court on plaintiff's motion for a temporary restraining order and on defendants' motion to dismiss. After hearing, I find and rule as follows:

Plaintiff is a corporation organized under the laws of the Commonwealth of Massachusetts, engaged in the manufacture and supply of desk accessories, die castings and other products which are shipped in interstate commerce. Defendants are the Regional Director of the First Region of the National Labor Relations Board, Albert J. Hoban, his officers and agents, and the members of the Board. Jurisdiction of this court is alleged in the complaint to exist on the basis of the provisions of 28 U.S. C.A. § 1337 and under the legal principles contained in the opinion of the Su-

preme Court in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

On March 14, 1968, the United Steelworkers of America, AFL-CIO (Steelworkers) filed a petition with defendant Hoban for an election among plaintiff's production and maintenance employees. Hearings were held on the petition in April, and on May 22, 1968 the defendant Hoban issued a Decision and Direction of Election which, *inter alia,* required plaintiff to file with defendants an election eligibility list containing the names and addresses of all its production and maintenance employees eligible to vote in the upcoming election. This directive was based on the so-called *"Excelsior"* rule, first promulgated by the Board in its decision in Excelsior Underwear, Inc., 156 NLRB 1236.

On June 12, 1968, in Wyman-Gordon Company et al. v. National Labor Relations Board, 397 F.2d 394, the Court of Appeals for this Circuit held the *Excelsior* rule invalid because it was promulgated in disregard of the notice and publication requirements of the Administrative Procedure Act, 5 U.S.C.A. §§ 552 and 553. On June 17, 1968, plaintiff filed with defendant Hoban a motion to withdraw the Decision and Direction of Election on the grounds set forth in the *Wyman-Gordon* opinion. This motion was denied by Hoban on June 19, and an attempt to appeal therefrom was denied by the Board on June 20.

On June 21, 1968, an election was conducted under the supervision of agents of defendant. The Steelworkers prevailed by a majority of 140 to 59 and on June 28 plaintiff filed with defendant Hoban objections to conduct affecting the results of the election.

The instant case was filed and heard by this Court on July 12, 1968. Counsel for plaintiff argued that plaintiff will suffer irreparable harm unless a mandatory order setting aside the election is entered by the Court. Plaintiff says that it is not seeking herein a review of a decision within the Board's authority but, rather, seeks to enjoin a plain violation of a clear provision of law, within the ruling of Leedom v. Kyne, supra, and plaintiff says that the irreparable harm involved herein is a denial of its right to deal directly with its own employees unless and until a Union is certified as representative of the employees after a legal and proper election conducted under the supervision of the Board. Counsel for defendants advised the Court, at the oral argument, that a decision has been made to seek a writ of certiorari in the *Wyman-Gordon* case and that the Court of Appeals has stayed the issuance of its mandate pending the outcome of the application for the writ.

In Leedom v. Kyne, supra, the Supreme Court left no doubt that a district court does have jurisdiction to "strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." (p. 188, 79 S.Ct. p. 184) The Court also observed, "This Court cannot lightly infer that Congress does not intend judicial protection of rights it confers against agency action taken in excess of delegated powers." (p. 190, 79 S.Ct. p. 185) *Wyman-Gordon* is a decision which, in substance, determines that in adopting the *Excelsior* rule the Board acted in excess of the powers delegated to any administrative agency by failing to comply with the provisions of the Administrative Procedure Act regarding notice and publication of the rule proposed for adoption, and thus exceeded the restraints on its powers to adopt rules placed on all agencies by 5 U.S.C.A. § 553. Having in mind that in Leedom v. Kyne, supra, the Supreme Court ruled that setting aside the Board's determination, election and certification, is within the powers of a district court, without any discussion of irreparable harm, it follows that a district court has the lesser power to stay, rather than to set aside, an election and certification conducted in clear violation of the law as determined by the Court of Appeals, pending a determination by the Supreme

Court of the validity of the decision of the Court of Appeals which established the illegality said to be involved in the adoption by the Board of its *Excelsior* rule.

The case of Boire v. Greyhound Corporation, 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964), relied upon by the Board, is inapposite, since that case was concerned with "an erroneous assessment of the particular facts before the Board." (p. 481, 84 S.Ct. p. 899) There is no factual issue claimed to exist herein by any party to this litigation. Consequently, an injunction will issue staying any further action in this case by all respondents pending the ultimate determination of the petition for certiorari in the *Wyman-Gordon* case.

Order accordingly.